JOHN D. HEMENWAY
4816 Rodman St., N.W.
Washington, D.C.
20016

November 16, 2009

Hon. Robert L. Miller, Jr.
Chief Judge, U. S. Dist. Ct. IN (N.D.)
204 South Main Street
South Bend, Indiana, 46601-2194

RECEIVED
NOV 1 2009
U.S. District Court
Judge Miller's Chambers
SOUTH BEND, INDIANA

Dear Chief Judge Miller,

Thank you for sending me your "ORDER TO SHOW CAUSE" entered Oct. 19, 2009 (Att #3 and #2). You are providing me with a chance to demonstrate why I should not be suspended for failure to comply with continuing CLE requirements and I thank you for that.

The attached "Show Cause" (Att #1) provides ample reason why I should be permitted to retire normally from the Indiana Bar (I am 83 years old). It never was my intention to violate any regulation of the bar of Indiana and I faithfully complied with all such regulations for more than 25 years until I decided to retire from the practice of law. It strikes me as inequitable under the circumstances, which I spell out in response to your order, to have to exit from the bar for failure to comply with the regulations I so faithfully followed for a quarter of a century. I have attached various letters demonstrating that my intent was fully to comply with all requirements of the bar (Att. #4 and #5). If that effort is not enough, I would be prepared to satisfy whatever additional demands the Bar may require.

Your concern to insure that this matter is handled properly is most appreciated by me and I hope I have met my obligation to you.

Sincerely yours,
John D. Hemenway
John D. Hemenway
Indiana Bar # 8276-98

Attachments:
- #1 Show Cause Motion
- #2 Order of Suspension
- #3 Order to Show Cause
- #4 Ltr to CLE re: make-up
- #5 Ltr to CLE re: CLE course
- #6 and #7 Ltrs to Indiana Bar

**ATTACHMENT # 1**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

# MOTION TO SHOW CAUSE
## Why John D. Hemenway (8276-98)
## SHOULD NOT BE SUSPENDED

**COMES NOW John D. Hemenway, (Indiana Bar # 8276-98) to show cause why he should not be suspended from the Indiana Bar for failure to comply with Continuing Legal Education Requirements.**

**1. John Hemenway will be 83 years old on December 24, 2009. For several years, he planned to retire completely from the practice of law. This was set forth in a letter dated December 31, 2008 to the Clerk of the Courts-Roll of Attorneys (ATTACHMENT #7and #6).**

**2. Having intended to retire in 2008, events caused me to change my mind and I actually retired from the D.C. Bar in 2009, but I cancelled my resignation because it would have greatly harmed the cause of a Plaintiff whose other attorneys had abandoned him. Nevertheless, this year, I shall begin the process of distancing myself from the practice of law generally by resigning from the Indiana Bar.**

**3. Before I could resign from the Indiana Bar, I received a letter from the CLE people informing me that I needed to catch up on credits to be in good standing in 2008. With their permission, I applied for special consideration and signed up for two CLE courses that would make me qualified. These courses were:**

**May 19 : Ethics, 6-8:15 p.m.**
**June 23 : Lobbying, 6-8:15 p.m.**

**I paid all the fees for both courses and was confident (I do not know the precise details as/of this date) that these courses qualified me as meeting all CLE credits needed to be in good standing. (Ltrs at Att. #4 and #5.)**

**4. Unfortunately, on June 23, 2009, I was ill and could not attend the course for that evening. Therefore, I had not met the requirements.**

     5. In order to compensate for the course I missed, I signed up for another make-up course. This was:
          September 14: Que Tam Legislation, 6-9:30
Upon completion of this course, I filed the papers for having completed the course and, if there was no slip up, these were sent on to Indiana CLE authorities.

     6. About this time, I received notification that I had not met the minimum requirements. I do not know if the Que Tam Legislation credits (4 credits, I believe) were added in to my total or not or whether they did not count because they were filed after the deadline I was given in which to make up credits.

     7. At all times, I was prepared to take on additional credits, if my total did not bring me up to standard.

## CONCLUSION

     For twenty-five (25) years, John Hemenway has met all CLE requirements of the Indiana Bar despite the fact that his practice has been exclusively in Washington, D.C. where the bar does not require any CLE participation. He has done this because he appreciates the value of CLE course education and because of his loyalty to the first Bar where he met the requirements to practice law.
\
     Now that he is 83 and has announced his intention to retire from the practice of law, Hemenway is confronted by the spectacle of being dishonorably "kicked out" of the very Bar he faithfully supported, even though he did not have to do so. (Hemenway does not intend to continue his practice in Indiana and would also resign from the D.C. Bar this year were it not for one case where his resignation would prove harmful to the client.)

     Moreover, if it were necessary to be accepted in good standing with the Indiana Bar, Hemenway would undertake any remedial course or action that would restore his good name with the Indiana Bar.

     Since Hemenway has attempted in good faith to meet all of the standards of the Indiana Bar, the Order of Suspension dated October 5,

**indicated that he attempted and would continue to attempt to meet any reasonable requirements imposed to avoid such a sanction.**

**With great respect for the Courts of Indiana**

Nov 16, 2009
**November 16, 2009**

John D. Hemenway

**John D. Hemenway, IN Bar #8276-98**
**4816 Rodman St., N.W.**
**Washington, D.C.**
**20016**

**Tel: (202) 244-4819**
**Cell: (202) 538-0005**

ATTACHMENT #2

FILED
OCT -5 2009

# In the Indiana Supreme Court

IN THE MATTER OF FAILURE )
TO COMPLY WITH CONTINUING )
LEGAL EDUCATION REQUIREMENTS )

Cause No. 94S00-0905-MS-210

## ORDER OF SUSPENSION OF CERTAIN ATTORNEYS FOR FAILURE TO COMPLY WITH CONTINUING LEGAL EDUCATION REQUIREMENTS

On May 5, 2009, the Court issued an order suspending certain attorneys who had been identified by the Indiana Commission for Continuing Legal Education ("the Commission") as having failed to comply with certain continuing legal education requirements for the educational period ending December 31, 2008. Certain other attorneys were granted extensions of time by the Commission to complete their continuing legal education requirements and/or pay the applicable delinquency fee. *See* Ind. Admission & Discipline Rule 29, § 8. The Commission has notified the Court that certain of those attorneys granted extensions have failed to comply with their continuing legal education requirements and/or pay their delinquency fees by their extended deadlines, namely:

Nicholas D. McGuinness
Ind. Atty. No. 25699-49
7255 North Dearborn St.
Indianapolis, IN 46240;

John D. Hemenway
Ind. Atty. No. 8276-98
4816 Rodman St. N.W.
Washington, D.C. 20016; and

Claudia J. Zacks
Ind. Atty. No. 17791-71
P.O. Box 50143
Staten Island, NY 10305-0143.

Accordingly, the Court finds that the attorneys listed above have not complied with the requirements of Admission and Discipline Rule 29 and should be and therefore ARE SUSPENDED from the practice of law in the State of Indiana, effective immediately.

The Clerk of this Court is directed to forward a copy of this Order to the Executive Secretary of the Indiana Supreme Court Disciplinary Commission; to the Executive Director of the Indiana Board of Law Examiners; to the Indiana Commission For Continuing Legal Education; to the Supreme Court Administrator; to the Executive Director of State Court Administration; to the Indiana State Bar Association; to the Clerk of the U.S. District Court for the Southern District of

Indiana; to the Clerk of the U.S. District Court for the Northern District of Indiana; to all Clerks of the Circuit Courts of this State who, with the aid of the Judge of the Circuit Court in which that Clerk serves, shall post this Order for examination by the members of the bar; and to Nicholas D. McGuinness, John D. Hemenway, and Claudia J. Zacks. The Clerk is also directed to post this order to the Court's website.

Done at Indianapolis, Indiana, this 5th day of October, 2009.

RT Shepard
Randall T. Shepard
Chief Justice of Indiana

All Justices concur.

**ATTACHMENT #3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

IN THE MATTER OF: )
 ) CAUSE NO. 3:09-MC-277 RM
JOHN D. HEMENWAY )

ORDER TO SHOW CAUSE

The Indiana Supreme Court suspended respondent-attorney John Hemenway from the practice of law by order dated October 5, 2009 in Case No. 94S00-0905-MS-210 [Doc. No. 1]. (Copy attached). Pursuant to Local Rule 83.6(e), the court gives Mr. Hemenway 30 days after service of this order within which to show cause why the imposition of identical discipline by this court would be unwarranted.

SO ORDERED.

ENTERED: October 19, 2009

/s/ Robert L. Miller, Jr.
Chief Judge, United States District Court
Northern District of Indiana

cc: J. Hemenway
All District and Magistrate Judges
Christopher DeToro, Clerk of the Bankruptcy Court

ATTACHMENT #4

JOHN D. HEMENWAY
4816 Rodman St., N.W,
Washington, D.C.
20016

March 10, 2009

Julia L. Orzeske, Executive Director
Indiana Commission For Continuing
Legal Education, Supreme Court
30 South Meridian Stree3t, Suite 950
Indianapolis, IN 46204-3564

Dear Ms. Orzeske,

At the suggestion of a member of your staff, I am writing you to seek consideration of a special request that involves my being placed on inactive status with respect to the Indiana Bar. That could be immediate or at the end of this year.

I had called your staff regarding a $150.00 "late fee" due. I had not clearly understood the delinquency notice I had received, but it is clear that I did not fulfill the requirements of 6 credits in 2008.

My check for $150.00 is enclosed. For some time I have been phasing out all of my legal activities, because I am 82 years old (d.o.b.: 12-24-26). My legal practice never caused me to actively practice law in Indiana, even though I am from the middle west, but I remained a bar member mostly out of nostalgia, because the Indiana bar exam was the first bar exam I took after law school.

It is highly unlikely that I will take many more CLE courses in view of what I have written above. I am prepared to be placed on inactive status now or at the end of the year. What I am trying to avoid is being found delinquent in CLE credits for 2009.

Your help and suggestions would be appreciated.

Enclosed:
Check for $150.00
CLE correspondence to JDH

Sincerely yours,

John D. Hemenway

John D. Hemenway

ATTACHMENT #5

JOHN D. HEMENWAY
4816 Rodman St., N.W.
Washington, D.C.
20016

August 11, 2009

D.C. Bar CLE Program
1101 K Street, N.W. Suite 200
Washington, D.C. 20005

Re: CLE Course:
Litigating Qui Tam
September 14, '09

Dear Sirs,

Enclosed, please find my check for $99.00 for enrollment in your CLE course "Litigating Qui Tam Whistleblower Cases" which is scheduled for September 14, 2009.

If there is any problem in connection with my enrollment, please give me a call at (202) 244-4819 and we can straighten it out.

Sincerely yours,

John D. Hemenway

John D. Hemenway

Attachment:

Ck # 2951 on the Bk of America
CLE form for Qui Tam Course

**ATTACHMENT #6**

JOHN D. HEMENWAY
4816 Rodman St., N.W.
Washington, D.C.
20016

January 12, 2007

Clerk of the Courts-Roll of Attorneys
Attn: Darla
200 W. Washington St., Room 217
Indiana State House
Indianapolis, IN 46204-2795

REF:
Our Conversation of
01-12-07

Dear Darla,

Reference is made to our conversation, today, concerning the dues I owe the Indiana Bar for the annual registration fee.

As you informed me in the conversation under reference, the amount owed for 2007 is $370.00.

Enclosed is my check on the Bank of America for $370.00. I am informed by the C.L.E. division that my account there is current.

Thank you for your cooperation in this matter. Since I am now 80 years old, I shall this year consider changing my status from active to something else. Do you have a flier on that subject?

Sincerely yours,

John D. Hemenway

John D. Hemenway
Indiana Bar #8276-88

JOHN D. HEMENWAY 01-80
ELIZABETH H. HEMENWAY
PH. 244-4819
4816 RODMAN STREET, N. W.
WASHINGTON, DC 20016

2629

Date Jan 12 2007 15-120/540 DC 8017

Pay to the Order of Clerk of Ct Supreme Ct. of Indiana $370 00

Three Hundred and Seventy and 00/100 Dollars

Bank of America

ACH R/T 054001204

For Indiana Bar Reg Fee for 2007 John D. Hemenway

2629

ATTACHMENT #7

JOHN D. HEMENWAY
4816 Rodman St., N.W.
Washington, D.C.
20016

December 31, 2008

Clerk of the Courts-Roll of Attorneys
200 W. Washington St., Room 217
Indianapoolis, IN 46204-2796

Dear Sirs,

In compliance with instructions given me over the telephone today, I am enclosing a check for $230.00 as payment for my annual registration fee for the year 2008-2009.

My listing in your files reads:

JOHN DAVID HEMENWAY
HEMENWAY, J.D.
4816 RODMAN STREET, N.W.
WASHINGTON, D.C. 20016

My Indiana Bar number is 8276-88

It was my intention not to remain an active member of the bar this year, since I am now 82 years old. However, I changed my mind and will make that decision next year. I apologize for this late filing.

Sincerely yours,

John D. Hemenway

John D. Hemenway

Attachment:

Check for $230.00